UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALLIED SHIPYARD, INC.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 23-816** |
| **OCEAN MARINE SERVICES, LLC et al.** | **SECTION: "G"(2)** |

## ORDER

Before the Court is Plaintiff Allied Shipyard, Inc.'s ("Plaintiff") "Motion to Remand."[1] Plaintiff contends that the Court does not have diversity jurisdiction over this matter because the amount in controversy does not exceed $75,000, and therefore moves to remand the case back to the Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana.[2] Having considered the motion, the memoranda in support and opposition, the Court grants the motion because the amount in controversy does not exceed $75,000.

## I. Background

On January 24, 2023, Plaintiff Allied Shipyard, Inc. ("Plaintiff") filed suit in the Seventeenth Judicial District Court for the Parish of Lafourche against Ocean Marine Services, LLC ("OMS") and Gary D. Murphy, II ("Murphy") (collectively, "Defendants") to recover the balance due under an open account pursuant to their services contract with Defendants (the "Work Agreement").[3] Plaintiff alleges that it provided marine vessel repair services on an open account for the benefit of Defendants' vessel.[4]  Plaintiff alleges that OMS owes the full open account

---

[1] Rec. Doc. 3.

[2] *Id.* at 2.

[3] Rec. Doc. 1-1.

[4] *Id.*

1

balance of $71,363.04 and Murphy owes a portion of the balance, $67,126.09, "in solido" with OMS.[5] However, the Petition "specifically disclaims any right to recover attorney['s] fees" under the Work Agreement from the Defendants in this action, "notwithstanding the provisions of Louisiana's open account statute."[6]

On March 6, 2023, Defendants removed the action to this Court.[7] On March 7, 2023, Plaintiff filed the instant motion to remand.[8] On March 28, 2023, Defendants filed an opposition to the motion.[9] On March 31, 2023, with leave of Court, Plaintiff filed a reply memorandum[10] and accompanying affidavit stipulating that Plaintiff seeks less than $75,000 and will not accept an award that exceeds that amount.[11] On April 6, 2023, the Court granted Defendants leave to file a sur-reply in opposition to the motion.[12]

## II. Parties' Arguments

### A.    Plaintiff's Arguments in Support of Motion to Remand

In support of the motion to remand, Plaintiff contends that this Court does not have removal jurisdiction, because the stated amount in controversy of $71,363.04 is below the $75,000.00 threshold required for diversity jurisdiction.[13] Plaintiff asserts that the Petition states this demand

---

[5] *Id.* at 3.

[6] *Id.* at 2–3.

[7] Rec. Doc. 1.

[8] Rec. Doc. 3.

[9] Rec. Doc. 7.

[10] Rec. Doc. 10.

[11] Rec. Doc. 10-1.

[12] Rec. Doc. 13.

[13] *See* Rec. Doc. 3-3.

in good faith and explicitly disclaims any right to attorney's fees.[14] Plaintiff admits that it sent an email demanding payment of $91,363.04 to Defendants to settle the claims prior to filing suit.[15] However, Plaintiff files an affidavit stipulating that Plaintiff received a $20,000.00 wire transfer from Defendants on December 28, 2022, but Plaintiff's bank had not yet notified Plaintiff of the wire transfer at the time it sent the pre-suit demand letter.[16] Plaintiff contends that this $20,000.00 payment brought the unpaid balance down to $71,363.04, which was the amount of damages claimed in the Petition.[17] Accordingly, Plaintiff concludes that this case should be remanded due to a lack of subject matter jurisdiction.[18]

**B.      *Defendants' Arguments in Opposition to the Motion to Remand***

In opposition, Defendants argue that the Court should deny the motion.[19] Defendants assert that the pre-suit email demanding payment of $91,363.04 should be considered as evidence in determining the amount in controversy.[20] Defendants further assert that, in *Johnson v. Regions Bank,*[21] this Court previously considered a similar pre-suit demand letter.[22]

Regardless, Defendants contend that, even assuming the amount owed on the account was $71,363,04, the $75,000.00 jurisdictional threshold is easily attained because the Court must

---

[14] *Id*. at 3–4.

[15] Rec. Doc. 3 at 2.

[16] *Id.*

[17] *Id.*

[18] *Id*.

[19] Rec. Doc. 7 at 8.

[20] *Id.* at 5–6.

[21] No. 20-533, 2020 WL 2190696 (E.D. La. May 6, 2020) (Brown, C.J.).

[22] Rec. Doc. 7 at 5–6.

consider Plaintiff's recovery of attorney's fees either under the Work Agreement or under Louisiana's open account statute.[23] Specifically, Defendants argue that it is reasonable to expect that the potential attorney's fees in this case will exceed $3,637.96, which will bring the amount in controversy above the threshold jurisdictional amount.[24]

Defendants further assert that Plaintiff's argument that it has waived the recovery of attorney's fees in the Petition is contrary to Fifth Circuit precedent.[25] Defendants contend that Plaintiff was required file a binding stipulation or affidavit with the Petition stating that it affirmatively seeks less than the jurisdictional threshold and that it will not accept an award that exceeds that threshold.[26] Furthermore, Defendants argue that any belated attempt by Plaintiff to file a stipulation must be rejected because litigants must file this binding stipulation with the Petition.[27] Accordingly, Defendants conclude that the motion to remand should be denied.[28]

C.  ***Plaintiff's Arguments in Further Support of the Motion***

In its reply, Plaintiff files an affidavit of stipulation wherein Plaintiff states that it affirmatively seeks less than the jurisdictional threshold of $75,000.00 in this matter and that Plaintiff will not accept an award that exceeds that threshold.[29] Plaintiff argues that this post-removal affidavit should be considered because "Defendants' arguments regarding Plaintiff's waiver of attorney['s] fees implicitly suggest that [] Defendants do believe that the waiver language

---

[23] *Id*. at 6.

[24] *Id.* at 6-7.

[25] *Id.* at 7.

[26] *Id.* at 8.

[27] *Id.*

[28] *Id*.

[29] Rec. Doc. 10-1 at 1.

is . . . ambiguous."[30] Plaintiff avers that "Defendants' assertion that Plaintiff failed to accomplish [the waiver of attorney's fees] suggests some ambiguity in the waiver language."[31] Thus, Plaintiff concludes that this post-removal affidavit should be considered by the Court.[32]

Plaintiff also explains that it seeks $4,236.95 less from Murphy than it does from OMS because its open account with OMS includes a separate $4,236.95 invoice for work that Murphy did not personally sign for.[33] Nevertheless, Plaintiff asserts that Murphy is liable *in solido* with OMS for the remaining $67,126.09.[34]

### D.   *Defendants' Sur-Reply in Further Support of the Motion*

In the sur-reply memorandum, Defendants reiterate the same arguments made in the initial opposition to the motion.[35]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[36] A federal court has subject matter jurisdiction over an action "where the matter for controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[37] "When removal is based on diversity of citizenship, the diversity must exist at the time of the removal."[38] The removing party bears the burden of demonstrating

---

[30] Rec. Doc. 10 at 2.

[31] *Id.*

[32] *Id.*

[33] *Id.* at 3.

[34] *Id.*

[35] *See* Rec. Doc. 13.

[36] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[37] 28 U.S.C. § 1332(a)(1).

that federal jurisdiction exists.[39] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[40] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[41]

Pursuant to Fifth Circuit precedent, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages.[42] When the plaintiff alleges a figure in excess of the required amount in controversy, "that amount controls if made in good faith."[43] If the plaintiff pleads less than the jurisdictional amount, this figure will also generally control, barring removal.[44]

Louisiana law ordinarily does not allow a plaintiff to plead a specific amount of damages.[45] A Louisiana plaintiff is required, however, to state "a general allegation that the claim exceeds or is less than the requisite amount" if he wishes to establish "the lack of jurisdiction of federal courts."[46] Even then, a general allegation that a plaintiff's claims are above or below the federal

---

[38] *Texas Beef Grp. v. Winfrey*, 201 F.3d 680, 686 (5th Cir. 2000) (citing 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Prac. and Proc.* § 3723 (1998 ed.)).

[39] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[40] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[41] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[42] *See Allen*, 63 F.3d at 1335.

[43] *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[44] *Id.*

[45] *See* La. Code Civ. P. art. 893.

[46] *Id.*

6

jurisdictional requirement is not dispositive of whether the amount in controversy requirement is met because these general allegations "will not be binding on [a plaintiff's] recovery under Louisiana law."[47] Courts treat such general allegations as stating an "indeterminate amount of damages."[48]

When the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[49] A defendant satisfies this burden either: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount."[50] The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[51]

If the amount in controversy is ambiguous at the time of removal, the Court may consider a post-removal stipulation, but only to determine the amount in controversy at the time of removal.[52] If the amount in controversy is clear from the face of the complaint, post-removal

---

[47] *Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, at *3 (E.D. La. Dec. 29, 2014) (Brown, J.) (citing *McCord v. ASI Lloyds/ASI Underwriters*, No. 13-126, 2013 WL 1196671, at *2 (E.D. La. Mar. 22, 2013) (Vance, J.)).

[48] *Id.*

[49] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000); *see also Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335.

[50] *Simon*, 193 F.3d at 850 (quoting *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see also Allen*, 63 F.3d at 1335.

[51] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[52] *Gebbia*, 233 F.3d at 883 (citing *Associacion Nacional de Pescadores v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993)).

affidavits reducing the amount do not deprive the district court of jurisdiction.[53]

## IV. Analysis

In the Petition, Plaintiff alleges that OMS is indebted to Plaintiff "for the full open account balance of [$71,363.04]" and Murphy is indebted *in solido* with OMS to Plaintiff "for a portion of the open account balance" equal to $67,126.09.[54] Furthermore, although the Work Agreement may entitle Plaintiff to recover attorney's fees, "Plaintiff specifically disclaims any right to recover attorney['s] fees from [] Defendants in this action."[55] Therefore, Plaintiff argues that the amount in controversy is plainly less than $75,000.[56]

However, Plaintiff's disclaimer of the right to collect attorney's fees in the Petition is insufficient to establish that attorney's fees must be excluded from the calculation of the amount in controversy. Attorney's fees authorized by statute or contract may be included in the amount in controversy.[57] The Petition suggests that attorney's fees may be authorized by the Work Agreement, and Louisiana state courts "shall grant the relief to which the party in whose favor [judgment] is rendered is entitled, even if the party has not demanded such relief in his pleadings."[58] Thus, Plaintiff's "purported waiver of attorney's fees is ineffective" because the Fifth Circuit "has expressed concern about the possibility of 'abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the

---

[53] *Id.* (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 292)).

[54] Rec. Doc. 1-1 at 2–3.

[55] *Id*. at 3.

[56] *See* Rec. Doc. 3-3 at 3–4.

[57] *Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981).

[58] La. Civ. Code art. 862; *see also Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 724 (5th Cir. 2002).

claim is actually worth more."[59] Only a binding stipulation filed with the petition stating that Plaintiff "affirmatively seek[s] less than the jurisdictional threshold, and further stating that [it] will not accept an award that exceeds that threshold" could have constituted an effective waiver at the time of filing the Petition.[60] Given that Plaintiff failed to file such a stipulation, the amount in controversy is not less than $75,000 to a legal certainty and rather Plaintiff alleges an indeterminate amount of damages in the Petition.

Defendants argue that the amount in controversy is actually greater than $75,000 based on Plaintiff's pre-suit demand letter of $91,363.04.[61] Defendants cite *Johnson v. Regions Bank*, where this Court considered the plaintiff's pre-suit demand letter in determining the amount in controversy.[62] In *Johnson*, the plaintiff's pre-suit demand letter requested over $1,300,000.00 in damages.[63] However, the plaintiff's subsequent petition failed to allege any "specific amount of damages."[64] There, the Court concluded that the $1,300,000.00 pre-suit demand letter established that the jurisdictional amount exceeded $75,000.00.[65]

However, unlike in *Johnson*, Plaintiff attached to the Petition an affidavit stipulating that only a $71,363.04 balance remained on the open account.[66] Plaintiff also further attaches an affidavit to the instant motion explaining that it became aware of a $20,000.00 wire transfer from

---

[59] *Manguno*, 276 F.3d at 724 (quoting *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

[60] *Ditcharo v. United Parcel Serv., Inc.*, 376 Fed. Appx. 432, 437 (5th Cir. 2010).

[61] Rec. Doc. 7 at 5-6.

[62] *See Johnson*, 2020 WL 2190696 at *4.

[63] *Id.* at *2–*4.

[64] *Id.* at *1, *3.

[65] *Id.* at 4.

[66] Rec. Doc. 1-1 at 5.

Defendants after sending the demand letter but before filing suit, thus bringing the open account balance down to $71,363.04.[67] Therefore, although the Court may consider the pre-suit demand letter to determine the amount in controversy, it is not dispositive in this case.

Rather, the amount in controversy was ambiguous at the time of removal given the inconsistency between the alleged open account balance in the Petition and the demand letter, and given the uncertainty surrounding the amount of attorney's fees to which Plaintiff may be entitled under the Work Agreement. Therefore, the Court may consider post-removal stipulations to determine the amount in controversy at the time of removal.[68] Here, Plaintiff stipulates post-removal that the amount in controversy is less than $75,000, and he renounces the right to recover in excess of $75,000 in the event he is awarded above that amount in state court.[69] The affidavit is binding because Plaintiff waives any right to accept compensation in this matter exceeding $75,000. Therefore, remand of this case to state court is appropriate.

## V. Conclusion

Based on the foregoing, because the Court finds that the amount in controversy is less than $75,000, it lacks subject matter jurisdiction in this case and must remand the matter to state court. Accordingly,

---

[67] Rec. Doc. 3-2.

[68] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

[69] *See* Rec. Doc. 10-1.

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[70] is **GRANTED** and this matter is remanded to the Seventeenth Judicial District Court for the Parish of Lafourche, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this ___3rd___ day of May, 2023.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[70] Rec. Doc. 3.